Turney, J.,
delivered the opinion of the. Court.
There is no error in the record. The suit was commenced in the Circuit Court of Sullivan County, upon the following note:
“$416.
“One day after date, we or either of us promise to pay Eliza Akard, guardian for Sarah R. Akard and *84 Oldridge I). Akard, minor beirs of James Akard, deceased, four hundred and sixteen dollars, value received.
“Witness our hands and seals, this 13th day of September, 1858.
“ (Signed,) Geoege W. Sells, Seal.'
“John W. Sells, Seal.
“McJ. Gallagher, Seal.
“L. J. Dryden, Seal.
“ "WM. D. Blevins, Seal.' >7
On tbe back of the note are the indorsements:
“Received of John Sells, one hundred dollars, Confederate money, this 1st day of April, 1861.”
“Received on tbe within note, $1.80, this 11th day of May, 1861.”
“Received of John Sells, two hundred and ninety dollars in Confederate money, June 4, 1863.”
There is no controversy about the facts. The Confederate currency was voluntarily received by the plaintiff.
• The verdict of the juiy was: “The defendants have paid the debt in the declaration mentioned, except the sum of ninety-eight dollars and five cents.”
Judgment was rendered upon this verdict. ‘ Plaintiff moved for a new trial; the motion was overruled, and he prosecutes an appeal to this Court.
By the verdict and judgment, credits were allowed for the Confederate money.
In his charge to the jury, his Plonor the Circuit Judge, said: “A payment on a note, voluntarily accepted by the holder, is a credit to the extent of the payment; if said payment is voluntarily entered upon a note, though in Confederate money, yet it is good, and will bind the parties.’
*85 In this charge there is- no error of which the plaintiff can be heard to complain. To entitle the debtor to a credit for the amount paid, the actual entry on the note is not necessary; he may prove such payment aliunde.
It is only necessary that he show, by competent testimony, that he paid, and his creditor received, the Confederate money upon the understanding, expressed or implied from the circumstances connected with the payment, that it was to be a payment on the note or other indebtedness of the payor to the payee. And when a party has voluntarily agreed to and did take Confederate money in payment, he is bound by his action, and will not be heard to complain.
It is insisted in argument that partial payments in Confederate money, as these were, are no payments; that such payments are not executed contracts. We do not concur in this view of the law. We hold the rule to be, that the note is a contract, entire in itself, for the payment of money at a fixed time; that still an offer made, either before, at, or after the maturity, to pay, and an acceptance of such offer, and a payment thereunder, is a full, complete, independent aud executed contract. The holder of a note is not required in law to accept a tender of an amount less than his debt and interest; such tender will subject him to no loss of interest, nor to any costs. He is in no way affected by it until he does accept it; the consent of both parties is necessary to it. Therefore, when the debtor says to the creditor, “I will pay you a certain amount on my indebtedness,” this is an offer to contract. If the cred *86 itor says, “I will recieve it,” this is a contract; and if the debtor pays the amount, it is an executed contract.' Every essential necessary to any contract is contained in these partial payments to-wit: Parties able to contract, willing to contract, and that do contract.
Judgment affirmed.